**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JOEL A. PISANO**
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

October 13, 2006

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:   **Abdelhaq El Kassemi v. Department of Homeland Security- United States Citizenship & Immigration Services, et al.**
      **No. 06-1010**

Dear Parties,

     Presently before the Court is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). For the following reasons, Defendants' motion to dismiss is granted.

**I.   Factual and Procedural History**

     Plaintiff is a citizen of Morocco and has been a lawful permanent resident of the United States since March 28, 2000. Plaintiff applied for naturalization by filing a Form N-400 Application for Naturalization on February 16, 2005. On October 18, 2005, a Newark District Adjudication Officer interviewed Plaintiff. Based upon the interview, Plaintiff passed the proficiency tests for English and U.S. history and government. However, Plaintiff was informed that although his application had been recommended for approval, a decision could not yet be made because his background investigation was pending.

     Plaintiff filed a "Petition for Hearing on Naturalization Application" in this Court on March 3, 2006, seeking for the Court to adjudicate his N-400 Application, or in the alternative, to remand his N-400 application to the United States Citizenship & Immigration Service ("USCIS") for immediate adjudication. The instant motion to dismiss followed.

     Since the filing of Defendants' motion to dismiss, the Federal Bureau of Investigations ("FBI") completed its background check on Plaintiff. In August 2006, the FBI forwarded the results of its search to USCIS for its review. The Supervisor District Adjudication Officer, Section Manager of the USCIS New Jersey district office reviewed the results of the background check and determined that the USCIS must continue evaluating Plaintiff's eligibility for naturalization.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of a case based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. Mortensen v. First Federal Sav. And Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

## III. Legal Discussion

The Court finds that dismissal is proper, as the Court lacks subject matter jurisdiction at this time because the issue is not ripe for determination. Pursuant to 8 U.S.C. § 1447(b), a district court has jurisdiction to hear suits to compel agency action on a naturalization application or to adjudicate an application "[i]f there is a failure to make a determination under § 1446 of this title before the end of the 120 day period after the date on which the examination is conducted under this section. . ." 8 U.S.C. § 1447(b). Plaintiff contends that his October 18, 2005 interview triggered the running of the statutory 120 day period. Defendants, in response, contend that the 120 day period did not begin to run until August, 2006, when USCIS received the results of Plaintiff's background check. Therefore, the question presented to the Court is at what point the statutorily required "examination" is completed, triggering the commencement of the 120 day period.

The Third Circuit has not addressed at what specific point § 1447(b) comes into play and when the statutory 120 day period begins for the purposes of district court jurisdiction. While some district courts have held that the word "examination" in § 1447(b) refers to the date of the examination interview with a CIS officer, and not the entire "examination process," see, e.g. El-Daour v. Chertoff, 417 F.Supp.2d 679 (W.D.Pa. 2005), the Court finds the holding in Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D. Va. 2005) persuasive. In Danilov, the court held that the 120 day period under § 1447(b) did not begin to run until all parts of the "examination process" had been completed, including the FBI background check. Id. at 444. The court explained that an examination is not a single event, but rather, is a process the agency follows to gather information concerning the applicant. Id. at 443.

USCIS must be able to make a fully-informed decision regarding any application for naturalization. Effective beginning in fiscal year 1998, Congress now requires completion and review of an FBI criminal background investigation of the applicant as part of the examination process. See Public Law 105-119, Title 1, Nov. 26, 1997, 111 Stat. 2448. The implementing regulations require that the FBI complete a criminal background investigation of an applicant before the examination may be completed. 8 C.F.R. § 335.2. Therefore, the Court concludes that the statutory 120 day period did not begin to run until Defendants received the results of Plaintiff's background check, in August, 2006. Because the 120 day review period has not yet

expired, the Court lacks subject matter jurisdiction.

## IV.     Conclusion

In conclusion, the Court grants Defendants' motion to dismiss without prejudice. An appropriate Order follows.

                                                             /s/ Joel A. Pisano
                                                             JOEL A. PISANO, U.S.D.J.